IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY ) <br> (A SUBSIDIARY OF NATIONWIDE ) <br> INSURANCE) AS SUBROGREE OF ) <br> MICHAEL AND MELISSA UNGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAMILTON BEACH/PROCTOR-SILEX, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No.: 3:08-cv-00125-WDS-DGW <br><br> **DEFENDANT DEMANDS** <br> **TRIAL BY JURY** |

# *ANSWER*

COMES NOW defendant, by and through counsel, and for its Answer to plaintiff's Complaint, states as follows:

### *ALLEGATIONS COMMON TO ALL COUNTS*

1. Defendant is without sufficient information to admit or deny the allegation in Paragraph 1, and the same is therefore denied.

2. Defendant is without sufficient information to admit or deny the allegation in Paragraph 2, and the same is therefore denied.

3. Defendant is without sufficient information to admit or deny the allegation in Paragraph 3, and the same is therefore denied.

4. Defendant is without sufficient information to admit or deny the allegation in Paragraph 4, and the same is therefore denied.

Dockets.Justia.com

5.  Defendant is without sufficient information to admit or deny the allegation in Paragraph 5, and the same is therefore denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11. Admitted.

12. Denied.

13. Defendant is without sufficient information to admit or deny the allegation in Paragraph 13, and the same is therefore denied.

14. Defendant is without sufficient information to admit or deny the allegation in Paragraph 14, and the same is therefore denied.

15. Defendant is without sufficient information to admit or deny the allegation in Paragraph 15, and the same is therefore denied.

16. Defendant is without sufficient information to admit or deny the allegation in Paragraph 16, and the same is therefore denied.

### *COUNT I – PRODUCT LIABILITY NEGLIGENCE*

1-16. Defendant hereby restates and realleges its Answers to Paragraphs 1-16 of plaintiff's Complaint, as if fully set forth herein.

17. Defendant is without sufficient information to admit or deny the allegation in Paragraph 17, and the same is therefore denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

WHEREFORE, having fully answered Count I of plaintiff's Complaint, defendant hereby moves for dismissal of plaintiff's Complaint, with prejudice and its costs herein expended, and for any such other or further relief as this Court deems just and proper.

## *COUNT II – FAILURE TO WARN*

1-21. Defendant hereby restates and realleges its Answers to Paragraphs 1-21 of plaintiff's Complaint, as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

WHEREFORE, having fully answered Count II of plaintiff's Complaint, defendant hereby moves for dismissal of plaintiff's Complaint, with prejudice and its costs herein expended, and for any such other or further relief as this Court deems just and proper.

## *COUNT III – STRICT LIABILITY*

1-27. Defendant hereby restates and realleges its Answers to Paragraphs 1-27 of plaintiff's Complaint, as if fully set forth herein.

28. Denied.

29. Denied.

WHEREFORE, having fully answered Count III of plaintiff's Complaint, defendant hereby moves for dismissal of plaintiff's Complaint, with prejudice and its costs herein expended, and for any such other or further relief as this Court deems just and proper.

## *AFFIRMATIVE DEFENSES*

COMES NOW defendant, and for its Affirmative Defenses to the claims raised in plaintiff's Complaint, states as follows:

1. For further answer and affirmative defense, defendant states that plaintiff's Complaint fails to state a claim for which relief may be granted.

2. For further answer and affirmative defense, defendant states that it denies each and every allegation made against it in Plaintiff's Complaint that is not specifically admitted herein.

3. For further answer and affirmative defense, defendant states that the subject toaster was not used by Michael and Melissa Unger as reasonably anticipated or expected.

4. For further answer and affirmative defense, defendant states that plaintiff's alleged damages were or may have been caused and/or contributed to by the negligence of plaintiff's subrogor or other third parties, in improperly using, maintaining or operating the subject product, or in other activity that posed a risk of hazard or fire. Defendant reserves the right to allege more specifically other acts of negligence on the part of plaintiff's subrogor as may be revealed through discovery.

5. For further answer and affirmative defense, defendant states that if it was negligent in any respect, which is specifically denied, then its negligence was at most passive and inactive, and the negligence of others, including plaintiff's subrogor, was the real, active and primary causes of plaintiff's alleged damages. This superseding, initiating, and intervening negligence bars recovery by plaintiff.

00403309.DOC;1

6. For further answer and affirmative defense, defendant states that plaintiff has failed to mitigate any damages or losses.

7. For further answer and affirmative defense, defendant states that the subject toaster oven was not defective and was manufactured and designed in accordance with the state of the art and the available scientific and technological knowledge pertaining to such products at the time it was manufactured.

8. For further answer and affirmative defense, defendant states that the subject toaster oven complied with all applicable industry and governmental standards and regulations in effect at the time the product was manufactured and designed and was, therefore, not defective.

9. For further answer and affirmative defense, defendant states that if the fire occurred as described in plaintiff's Complaint, said accident was a result of some unforeseeable modification or alteration to the subject toaster oven for which defendant is not responsible and, therefore, defendant cannot be held liable as a matter of law.

10. For further answer and affirmative defense, defendant states that the subject toaster oven is not inherently dangerous and has no unknown, non-obvious dangerous propensities.

11. For further answer and affirmative defense, defendant states that if plaintiff and/or any other person or entity, their respective servants, agents or employees, acting within the scope of their employment or agency, have failed to properly retain and maintain evidence in this case, this action may be barred in whole or in part.

12. For further answer and affirmative defense, defendant reserves the right to supplement its Answer and these affirmative defenses as the evidence and discovery may dictate.

5

00403309.DOC;1

WHEREFORE, having fully answered plaintiff's Complaint, defendant hereby moves for dismissal of plaintiff's Complaint, with prejudice and its costs herein expended, and for any such other or further relief as this Court deems just and proper.

    /s/William S. Thomas
William S. Thomas #6227180
Nicholas B. Bunnell #6291433
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Thomas@rabbittlaw.com
Bunnell@rabbittlaw.com

## AFFIDAVIT OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 12th day of March, 2008.

    Mr. Matthew C. Zittel
    5 Park Place Professional Centre
    Belleville, Illinois 62226

    Stuart M. Brody
    Attorney for Plaintiff
    161 N. Clark, Suite 3575
    Chicago, IL 60601

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

    /s/William S. Thomas