IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEPOSITORS INSURANCE COMPANY A )
SUBSIDIARY OF NATIONWIDE )
INSURANCE AS SUBROGEE OF )
MICHAEL AND MELISSA UNGER,, )
                                                             )
      Plaintiff, )
                                                             )
vs. ) Case No.: 3:08-cv-00125-WDS-DGW
                                                             )
HAMILTON BEACH/PROCTOR-SILEX, )
INC., )
                                                             )
      Defendant. )

## *DEFENDANT HAMILTON BEACH BRANDS, INC.'S MOTION TO COMPEL*

COMES NOW Defendant Hamilton Beach Brands, Inc. ("Hamilton Beach"), pursuant to Fed. R. Civ. P. 37(a)(3), and for its Motion to Compel, states:

### *Request for Production*

1. On or about July 3, 2008, Hamilton Beach served Defendant's First Set of Requests for Production of Documents and Things (Exhibit A).

2. On September 30, 2008, Plaintiff filed its Response to Defendant's First Set of Requests for Production (Exhibit B), in which Plaintiff provided various information and objections.

3. In accordance with local rules, Hamilton Beach has attempted to resolve these issues by telephone conversations and emails.

4. **Regarding Defendant's Request for Production ("RFP") #2**, Plaintiff responded by providing limited material with the requested "claim file" and has subsequently claimed the file contains material protected by the insurer-insured privilege. However, under Illinois law, this privilege does not protect the requested information.

5. In federal diversity suits, "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." FRE 501. As jurisdiction in this suit is based on diversity of citizenship, Illinois privilege law applies in this suit.

6. In Illinois, the insurer-insured privilege only protects communications between an insurance carrier and the insured if the insurance carrier has a duty to defend the insured. *People v. Ryan*, 30 Ill. 2d 456, 460-461 (Ill. 1964) (holding the privilege protected an insured's statement to her insurer in which she admitted consuming alcohol before causing an accident, because the insurer had a duty to defend the insured); *Boettcher v. Fournie Farms, Inc.*, 243 Ill. App. 3d 940, 945-946 (Ill. App. Ct. 5th Dist. 1993) (refusing to protect confidential communications made by the plaintiff to his insurer, because the plaintiff had already received payment on the claim and the insurer was not under any duty to defend the insured-plaintiff).

7. In this case, the insureds have made a claim with Plaintiff-insurer, under which Plaintiff has paid. Thus, Plaintiff is under no duty to defend. Thus, as was the case in *Ryan* and *Boettcher*, the insurer-insured privilege does not protect communications between the

insured. Accordingly, Plaintiff-insurer should be compelled to disclose those documents requested in RFP #2.

8. Additionally and in the alternative, Plaintiff must produce a privilege log of all allegedly privileged documents and materials, pursuant to Fed. R. Civ. P. 26(b)(5).

9. **Regarding responses to RFP #'s 4 and 28**, Plaintiff must supplement its initial responses with all materials discovered in its ongoing investigation, pursuant to Fed. R. Civ. P. 26(e).

10. **Regarding responses to RFP #'s 6 and 7**, Plaintiff must supplement its responses with all materials discovered in its ongoing investigation, pursuant to Fed. R. Civ. P. 26(e).

11. **Regarding responses to RFP #'s 8, 9, 10, 11, 13, 14, 15, 22, 23, 24, 29, 30, 31, and 32,** on January 30, 2009, Plaintiff engaged in a conversation via telephone with Hamilton Beach in which Plaintiff agreed to submit its expert report. No report has been provided. Plaintiff must disclose this expert report. Plaintiff must also supplement its initial responses with all information discovered in its ongoing investigation.

12. **Regarding response to RFP #9,** Plaintiff's response states "all further photographs and/or original digital copies will be made available upon request." If any such materials exist, Plaintiff is under a duty to supplement.

13. **Regarding response to RFP #16,** Plaintiff must submit all undisclosed materials not protected by privilege. As stated above, the insurer-insured privilege does not apply in

this case. Thus, Plaintiff must submit all materials previously claimed to be protected by this privilege. In the alternative, Plaintiff must submit a privilege log.

14. **Regarding responses to RFP #'s 18 and 20,** Plaintiff has not submitted any responsive documentation. If the documentation exists, Plaintiff must submit it.

15. **Regarding response to RFP #25,** Hamilton Beach has yet to receive any information regarding the "recall of certain Hamilton Beach toasters," despite Plaintiff's response stating otherwise. Further, Plaintiff must supplement its response with any information discovered in its ongoing investigation.

## *Interrogatories*

16. On or about July 3, 2008, Hamilton Beach served its First Interrogatories Directed to Plaintiff on Plaintiff. (Exhibit C).

17. On September 30, 2008, Plaintiff filed its Answers to Defendant's First Interrogatories. (Exhibit D).

18. In accordance with local rules, Hamilton Beach has attempted to resolve these issues by telephone conversations and emails.

19. **Regarding response to Int. # 18,** Plaintiff provided a non-responsive answer. Plaintiff must respond and supplement its answer.

20. **Regarding responses to Int. #'s 22, 23, and 24,** on January 30, 2009, Plaintiff engaged in a telephone conversation with Hamilton Beach during which Plaintiff agreed to submit its expert report. No report has been provided. Plaintiff must disclose this expert report.

Plaintiff must also supplement its initial responses with all information discovered in its ongoing investigation.

WHEREFORE, defendant Hamilton Beach/Proctor-Silex, Inc. hereby moves this Court to grant Defendant's Motion to Compel and require Plaintiff Depositors Insurance Company to produce the requested documents and materials.

/s/ William S. Thomas
William S. Thomas #6227180
Attorney for Defendant
RABBITT, PITZER & SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

## *AFFIDAVIT OF SERVICE*

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 9th day of March, 2009.

Matthew Zittel
5 Park Place Professional Centre
Belleville, Illinois 62226

Stuart M. Brody
Attorney for Plaintiff
161 N. Clark, Suite 3575
Chicago, IL 60601

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ William S. Thomas