IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEPOSITORS INSURANCE COMPANY | ) | |
| A SUBSIDIARY OF NATIONWIDE | ) | |
| INSURANCE AS SUBROGEE OF | ) | |
| MICHAEL AND MELISSA UNGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:08-cv-00125-DRH-DGW |
| | ) | |
| HAMILTON BEACH/PROCTOR-SILEX, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

# *DEFENDANT HAMILTON BEACH BRANDS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL*

COMES NOW Defendant Hamilton Beach Brands, Inc. (Hamilton Beach), by and through its attorneys, and in response to Plaintiff's Motion to Compel, states as follows:

1. On August 27, 2008, Plaintiff submitted Supplemental Requests for Production to Defendant. (Exhibit A).

2. On September 26, 2008, Hamilton Beach submitted its Objections to Plaintiffs' Supplemental Requests for Production of Documents. (Exhibit B).

3. On March 5, 2009, Plaintiff filed its Motion to Compel (Docket # 32).

4. The relevant request for production and corresponding response is provided below:

   1. Please produce a CD or a printed copy of the Circuit Diagrams/Schematic Diagrams of the Printed Circuit Boards for the Hamilton Beach Toaster Model No. 22625 the Hamilton Beach Toaster Model No. 24203.

   **RESPONSE:** **OBJECTION: This request seeks the production of material that is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, is harassing and**

> **unduly burdensome. Further, such information would result in a confusion of issues in this case, resulting in a "trial within a trial," of totally collateral issues. Further, such an exercise would result in a waste of time and resources on the part of defendant, during the course of discovery and at the trial of this case. FRE 403. Finally, any such information would be inadmissible hearsay. FRE 802.**

5. Plaintiff is seeking information about two toasters, Models 22625 and 24203, which are very dissimilar to the "Toastation" at issue. Attached as Exhibits C and D, are photographs of the toasters for which Plaintiff is seeking discovery, and attached as Exhibit E is a photograph of the Toastation which is the subject of this lawsuit. A simple visual review reveals the significant differences in functionality and design. The two products on which Plaintiff seeks production are a two-slice and four-slice toaster only. The product in issue is a single-slot toaster and a "toaster oven;" much different than the two products on which discovery is sought.

6. The circuit boards and internal electronics for these referenced products are not identical. The circuit boards have different component parts in different configurations as well.

7. Models 22625 and 24203 are not "substantially similar" to the Toastation at issue here.

8. Information relating to the toasters requested in the Supplemental Requests is inadmissible, unduly burdensome, unduly prejudicial, and poses a risk of confusing the jury. As such, Plaintiff's Motion to Compel should be denied.

9. Although Illinois state law supplies the law of decision, federal evidentiary law governs matters of evidence. *Choplek v. Federal Insurance Company*, 499 F.3d 692, 699 (7th Cir. 2007).

10. Evidence is discoverable if it is calculated to reasonably lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). "The legal tenet that relevancy in the

discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

11. In products liability cases, evidence of other incidents is only relevant to show notice to the defendant of the danger, to show existence of the danger, and to show the cause of the accident. *Weir v. Crown Equip. Corp.*, 217 F.3d 453 (7th Cir. 2000). Furthermore, in products liability cases where the plaintiff seeks to discover evidence of products allegedly similar to the model at issue, discovery should be allowed "only where the similar models *have the same component parts or defects.*" *Piacenti*, 173 F.R.D. at 225 (discussing *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990)) emphasis added.

12. In *Piacenti*, the District Court for the Northern District of Illinois denied the plaintiff's motion to compel because it sought to discover information regarding an automobile model that was *not* at issue in the lawsuit. *Piacenti*, 173 F.R.D. at 226. The plaintiff was involved in an automobile accident in which her GEO Tracker spun out of control and collided with oncoming traffic. She alleged the Tracker was defective in that it, among other things, lacked directional stability, had a propensity to spin out of control, had unexpected wheel lock up, a firm spring suspension and brake system, high center of gravity, and short wheel base. *Id.* at 222.

13. During discovery, the plaintiff requested information relating to several other models of cars, one of which was the Suzuki Samurai. *Id.* at 222-23. The defendant refused to produce documents related to the Samarai and the plaintiff moved to compel disclosure.

3

{00487547.DOC;1}

*Id.* at 223. The Northern District of Illinois requested the plaintiff to file an opinion from an expert verifying that the Tracker was sufficiently similar to the Suzuki Samurai and that tests performed on the Samurai would be relevant in determining liability regarding the Tracker. *Id.* at 225. In doing so, the court noted that the opinion should specify the usefulness of the requested information and why testing would be more helpful than the same type of results from any other vehicle manufactured by the defendants. *Id.* After reviewing the plaintiff's expert's opinion, the court denied the motion, noting that the Tracker had a larger engine, higher center of gravity, longer wheelbase, wider track, and was larger than the Samurai. *Id.* The court found that because the two models did not share the same component parts or defects, documents relating to the Samurai were not relevant and therefore not discoverable. *Id.* at 225-26.

14. Similarly, in *Hofer*, the Eighth Circuit Court of Appeals noted that discovery has been denied where the predecessor models did not share pertinent characteristics with the products at issue. *Hofer*, 981 F.2d at 381. In that case, the court denied discovery where the plaintiff sought information relating to earlier truck models. *Id.* at 380. The plaintiff sought discovery of earlier models in order to prove that a change in design caused the dangerous defect at issue. *Id.* The Court held, however, that earlier models were not substantially similar to the present model because the materials used in the truck frame were different and the issue in the case was the vehicle's crashworthiness. *Id.* at 380-81.

15. Even if the Court thought the discovery might be sufficiently tailored, it would still fail the test of showing that it would ultimately be admissible or lead to admissible evidence.

16. In *Choplek*, the Seventh Circuit excluded evidence of "comparable" models of medical equipment because they were not substantially similar. *Choplek*, 499 F.3d at 699-700. In

so ruling, the Seventh Circuit noted that while the medical device at issue in the case was "in many respects similar to" the excluded model, it lacked sufficient similarity because the issue in the case was the adequacy of warnings and the excluded model caused injuries in different areas of the body. *Id.* The court went on to state that it was inadvisable to "try the [excluded model]" and that exploring injuries caused by the earlier model could confuse the jury and unnecessarily prolong the trial. *Id.* Accordingly, the court found the comparable model was *not* substantially similar and excluded evidence of it. *Id.*

17. In this case, Plaintiff seeks to compel disclosure of information concerning dissimilar models of toasters that are irrelevant to the Toastation at issue.

18. Furthermore, such evidence would be unduly burdensome, prejudicial, and confusing to the jury.

19. Because evidence of the other toasters requested by plaintiff would be inadmissible, such disclosure can not be said to be reasonably calculated to lead to admissible evidence. Accordingly, Plaintiff's Motion to Compel should be denied.

WHEREFORE Defendant Hamilton Beach Brands, Inc. requests that this Court deny the Motion to Compel, or, in the alternative, order a showing similar to the one in *Piacenti*, and grant such further relief the Court finds just and proper.

/s/ William S. Thomas
William S. Thomas  #6227180
Attorney for Defendant
RABBITT, PITZER & SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 13th day of March, 2009.

Matthew C. Zittel
5 Park Place Professional Centre
Belleville, Illinois 6226

Stuart M. Brody
Attorney for Plaintiff
161 N. Clark, Suite 3575
Chicago, IL 60601

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ William S. Thomas