IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY (A SUBSIDIARY OF NATIONWIDE INSURANCE) AS SUBROGREE OF MICHAEL AND MELISSA UNGER,<br><br>Plaintiff,<br><br>vs.<br><br>HAMILTON BEACH/PROCTOR-SILEX, INC.,<br><br>Defendant. | Case No.: 3:08-cv-00125-DRH-DGW |

## PLAINTIFF'S RESPONSE
## TO THE DEFENDANT'S MOTION TO COMPEL

NOW COMES, the Plaintiff, Depositors Insurance Company (a subsidiary of Nationwide Insurance) as subrogee of Michael and Melissa Unger, by and through its attorneys, Sneckenberg, Thompson & Brody, LLP, and hereby provides the following response to the Defendant's Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(3):

Defendant's motion must be denied as moot because Plaintiff has provided supplemental responses to Defendant's Supplemental Requests for Production and has also responded through Defendant's inquiries regarding Plaintiff's discovery responses with a detailed letter dated March 12, 2009 ("the letter"). Additionally, Plaintiff enclosed with the letter copies of the documents which were requested or were otherwise responsive to Defendant's written discovery, as well as a Privilege Log for the documents it withheld.

Plaintiff has therefore provided Defendant with all answers and documents responsive to its Interrogatories and Requests for Production at this juncture and counsel for both parties are engaged in ongoing correspondence in an effort to resolve any further discovery disputes. For

Depositors Insurance Company v. Hamilton Beach/Proctor-Silex, Inc.     Doc. 37

Dockets.Justia.com

these reasons, Defendant's motion is moot and/or the parties have resolved, or are in the process of resolving, the discovery disputes which are the subject of Defendant's motion without the need for intervention by this Honorable Court.

The Defendant is correct that on September 30, 2008, the Plaintiff filed its Response to Defendant's First Set of Requests for Production and its Answers to Defendant's First Set of Interrogatories. Additionally, Plaintiff filed Responses to Defendant's Supplemental Requests for Production on January 30, 2009 and all of the responsive and non-privileged documents within Plaintiff's control or possession have been produced to the Defendant. (See Exhibit A: Plaintiff's Response to Defendant's Supplemental Requests for Production, attached hereto and incorporated herein).

Furthermore, on March 12, 2009, counsel for Plaintiff sent counsel for Defendant a detailed letter responding to the very points raised in Defendant's motion to compel. (See Exhibit B: Letter from Attorney Stuart M. Brody to Attorney William S. Thomas, dated March 12, 2009, attached hereto and incorporated herein). Plaintiff enclosed with this letter additional responsive and non-privileged documents, including the most current expert report to date. Further, Plaintiff provided Defendant with a Privilege Log, a copy of which is attached hereto as Exhibit C and is incorporated herein. It is important to note that none of the documents noted in the Privilege Log have been retained under the claim of insurer-insured privilege, but rather the attorney-client privilege and documents created in anticipation of litigation.

At the time of the filing of this Response, it is Plaintiff's good faith belief that it has responded to and otherwise fulfilled and addressed all of the issues raised in Defendant's motion to compel. Specifically, Plaintiff's Responses to Defendant's Supplemental Requests for Production as well as the March 12, 2009 letter, the documents enclosed therewith, and the

2

Privilege Log moot the issues raised in Defendant's motion and/or make apparent that counsel for the parties have resolved, or are in the process of resolving, any outstanding issues without the need for intervention by this Honorable Court.

WHEREFORE, the Plaintiff, Depositors Insurance Company (a subsidiary of Nationwide Insurance) as subrogee of Michael and Melissa Unger, respectfully requests that this Court enter an Order denying Defendant's motion to compel. In the alternative, the Plaintiff requests that this Court order the Defendant to refine its motion to compel to include only any remaining issues not satisfied by the March 12, 2009 letter and the documents produced therewith and the Privilege Log.

Respectfully submitted,

/s/ Stuart M. Brody

Stuart M. Brody
Sneckenberg, Thompson, & Brody, LLP
161 N. Clark Street
Suite 3575
Chicago, IL 60601
Phone No. (312) 782-9320
E-Mail: smb@stbtrial.com
Attorneys for the Plaintiff, Depositors Insurance Company
a/s/o Michael and Melissa Unger

# CERTIFICATE OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 18th day of March, 2009.

William S. Thomas
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821

Matthew C. Zittel
5 Park Place Professional Centre
Belleville, Illinois 62226

Under penalties of perjury as provided by law, I certify that the statements in this certificate are true.

/s/ STUART M. BRODY