# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

DEPOSITORS INSURANCE COMPANY )
a subsidiary of NATIONWIDE )
INSURANCE as subrogee of )
MICHAEL and MELISSA UNGER, )
)
      Plaintiff, )
)
      v. ) Case No. 3:08-cv-00125-WDS-DGW
)
HAMILTON BEACH/PROCTOR-SILEX, ) Honorable Chief Judge Herndon
INC., )
) Donald G. Wilkerson, Magistrate Judge
      Defendant. )

## PLAINTIFF'S REPLY
## IN SUPPORT OF ITS MOTION TO COMPEL

NOW COMES the Plaintiff, DEPOSITORS INSURANCE COMPANY a/s/o MICHAEL

and MELISSA UNGER, by and through its attorneys, SNECKENBERG, THOMPSON &

BRODY, LLP, and for its Reply in Support of its Motion to Compel the Defendant to produce

the documents and materials requested in the Plaintiff's Supplemental Requests for Production,

states as follows:

As admitted by the Defendant in its Response in Opposition to Plaintiff's Motion to

Depositors Insurance Company v. Hamilton Beach/Proctor-Silex, Inc.      Doc. 38

Compel, Federal Rule of Evidence 26(b) provides that <u>evidence is discoverable if it is calculated

to reasonably lead to the discovery of admissible evidence</u> (see Defendant's Response at page 2,

paragraph 11) (emphasis added). It is this rule which provides the standard for the

discoverability of the Circuit Diagrams/Schematic Diagrams ("the diagrams") of the Printed

Circuit Boards for Hamilton Beach Toaster Model nos. 22625, 24203 and 24205, which are the

subject Plaintiff's Motion to Compel. Plaintiff's motion must be granted as the diagrams that

Plaintiff seeks are reasonably calculated to lead to the discovery of admissible evidence.

As indicated in the Motion to Compel, Plaintiff has a good faith belief that some of the specific and individual component parts and/or circuit configurations believed to be depicted in the diagrams for models nos. 22625, 24203 and 24205 are the same, or at least substantially similar, to the specific and individual component parts and circuit configurations of the Toaststation which is the subject of the instant litigation. The information and documentation being sought relating to these specific component parts relates directly to the Plaintiff's expert's theory as to the cause of the fire. Therefore, Plaintiff's request for the schematic diagrams and parts lists, which would either support or refute this good faith belief, is narrowly tailored and reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, the production of these materials in no way affects or harms the Defendant because there is a Protective Order already in place on this case for all materials being produced by the Defendant. Thus, the only reason to deny its production is to obstruct the Plaintiff's proofs and to deny the production of evidence which may confirm the Defendant's liability.

As set forth in Plaintiff's motion, the information is relevant and necessary to the analysis, inspections and conclusions of Plaintiff's expert because the specific and individual component parts related to the cause of this fire appear to be identical between our Toastation and the same component parts of model nos. 22625, 24203 and 24205, which Plaintiff's expert has previously examined.

The Defendant has artfully avoided alleging that <u>no single component part or circuit configuration</u> of model nos. 22625, 24203 and 24205 is also a component part or circuit configuration of the subject Toaststation. Instead, the Defendant only states that "the circuit boards and internal electronics for these referenced products (referring to model nos. 22625, 24203 and 24205) are not identical. The circuit boards have different component parts in

2

different configurations as well." (see Defendant's Response at page 2, paragraph 6). The Defendant has obviously stopped short of alleging that no single component part or circuit configuration of model nos. 22625, 24203 and 24205 are also present in the subject Toastation because no such verification can be provided. If so, we would expect to have seen an Affidavit from the Defendant that no component part or circuit board configuration of the Toastation is also present in these other products. The absence of any such allegation or Affidavit by the Defendant underscores the reasonableness and relevance of Plaintiff's request for the documents and the diagrams.

The reliance upon case law cited by the Defendant in its Response presupposes that this Court accepts as true the Defendant's unsupported allegation that the Toastation and model nos. 22625, 24203 and 24205 are not in any way similar - - but, to date, that is untrue. If the Defendant had chosen to provide an Affidavit to the effect that no single component part or circuit configuration depicted in the schematic diagrams for model nos. 22625, 24203 and 24205 is present in the subject Toaststation, then the Court would have to consider it. However, since the Defendant did not provide such an Affidavit, Plaintiff submits that the reasonableness and relevancy of its requests is only further substantiated.

WHEREFORE, the Plaintiff, DEPOSITORS INSURANCE COMPANY a/s/o MICHAEL and MELISSA UNGER, hereby requests that this Honorable Court grant this Motion to Compel, and require that the Defendant produce all documentation requested within the next fourteen (14) days so that the Plaintiff's expert can review these materials and finalize his opinions and report prior to the April 21st, 2009 Settlement Conference. Plaintiff therefore respectfully requests that this Honorable Court enter an Order requiring the Defendant to produce all of the documentation requested relating to the schematic diagrams, component parts

lists and the circuit board configurations for model nos. 22625, 24203 and 24205 for expert

analysis and comparison to the subject Toaststation.

/s/ STUART M. BRODY
Stuart M. Brody, Esq.
SNECKENBERG, THOMPSON & BRODY, LLP
161 North Clark Street, Suite 3575
Chicago, IL 60601
Phone No. (312) 782-9320
E-Mail: smb@stbtrial.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 19th day of March, 2009.

William S. Thomas
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821

Matthew C. Zittel
5 Park Place Professional Centre
Belleville, Illinois 62226

Under penalties of perjury as provided by law, I certify that the statements in this certificate are true.

/s/ STUART M. BRODY