IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEPOSITORS INSURANCE COMPANY (A SUBSIDIARY OF NATIONWIDE INSURANCE) AS SUBROGREE OF MICHAEL AND MELISSA UNGER, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 3:08-cv-00125-DRH-DGW |
| HAMILTON BEACH/PROCTOR-SILEX, INC., | ) ) ) ) | |
| Defendant. | ) | |

# *DEFENDANT HAMILTON BEACH/PROCTOR-SILEX, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT*

COMES NOW defendant Hamilton Beach/Proctor-Silex, Inc., pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, and requests that this Honorable Court grant its Motion for Partial Summary Judgment on Count II—Failure to Warn—of Plaintiff's Complaint for the following reasons, and for the reasons stated in its Memorandum in Support:

1. As the subrogee of Michael and Melissa Unger, plaintiff Depositors Insurance Company brought this suit alleging a Toastation toaster oven owned by the Ungers and manufactured by defendant Hamilton Beach/Proctor Silex, Inc. ("Hamilton Beach") caused a fire at the Unger residence on January 23, 2006. (Complaint ¶¶ 1, 5, 6, 7).

2. In Count II of its Complaint, which is labeled "Failure to Warn," plaintiff alleges: "[Hamilton Beach] did not provide any warnings (nor adequate warnings) of the imminent dangers presented by the toaster oven, nor any warnings as to its danger or

potential for fire in this manner." (Complaint ¶ 24). Plaintiff also alleges: "[a]s a direct and proximate result of the subject toaster oven being sold without proper and/or adequate warnings, the Unger residence and property were damaged by fire." (Complaint ¶ 26).

3. The undisputed facts establish Hamilton Beach is entitled to judgment as a matter of law on plaintiff's failure to warn claim because: (1) plaintiff cannot establish any lack of a warning or inadequacy of a warning caused the damage to the Unger residence because of the Ungers' failure to read the warnings; and (2) the warnings provided with the Toastation were clear, unequivocal, and adequate.

4. Illinois courts consistently hold that a plaintiff cannot maintain a products liability action premised on a failure to warn theory where the plaintiff admits he or she never read the warnings. *Kane v. R.D. Werner Co., Inc.*, 657 N.E.2d 37, 39 (Ill. Ct. App. 1995).

5. Mr. Unger never read the Toastation User Manual or any other literature accompanying the Toastation prior to the fire. (Michael Unger depo. 45:3-6; 52:10-18). At the time of the fire, Mr. Unger was not aware whether there were any warnings about the use of the Toastation in the User Manual. (Michael Unger depo. 52:19-21).

6. Mrs. Unger does not remember whether she read the Toastation User Manual or any other literature accompanying the Toastation prior to using the product. (Melissa Unger depo. 53:3-7; 54:3-5; 77:17-78:2). Mrs. Unger also does not remember whether prior to her use of the Toastation and prior to the fire she was aware of any of the warnings contained in the User Manual. (Melissa Unger Depo. 76:10-12).

2

7. Plaintiff cannot establish that any alleged inadequacy of the warnings proximately caused the damage to the Unger residence because plaintiff cannot establish the Ungers read the Toastation User Manual and the warnings contained therein prior to using the product.

8. If the Ungers never read the User Manual, then plaintiff cannot establish as a matter of law that the alleged inadequacy of the warnings proximately caused the damage to the Unger residence because no warning, no matter how well worded or how extensive, could have prevented the outcome.

9. A manufacturer is not required to produce a product incapable of causing injury, but the manufacturer may be required to warn consumers of potential hazards. *Byrne v. SCM Corp.*, 538 N.E.2d 796, 811 (Ill. Ct. App. 1989). Thus, if warnings are adequate, users proceed at their own risk. *Werckenthein v. Bucher Petrochemical Co.*, 618 N.E.2d 902, 908 (Ill. Ct. App. 1993).

10. Where a warning is given, the manufacturer may reasonably assume that it will be read and heeded. RESTATEMENT (SECOND) OF TORTS § 402A.

11. At the top of Page 2 of the Toastation User Manual there is an exclamation point in a triangle followed by "**WARNING.**" Under the word "**WARNING**" there is a depiction of a fire and the words "**Fire Hazard**" in bold. Following this, there are several bolded bullet points, a few of which read:

    - **Do not operate unattended while in Toast mode.**
    - **Do not cover or use near curtains, walls, cabinets, paper or plastic products, cloth towels, etc. Keep 2 to 4 inches (2.5 cm) away from wall or any objects on countertop.**
    - **Always unplug toaster oven when not in use.**

{00494691.DOC;1}

- **Regular cleaning reduces risk of fire hazard.**
- **Failure to follow these instructions can result in death or fire.**

(Unger Depo. Exhibit J, page 0002).

12. Mrs. Unger agrees that the User Manual contains these warnings, and Mrs. Unger believes that these warnings are clear. (Melissa Unger Depo. 78:10-79:13; 79:14-80:21). Mrs. Unger believes that nothing in these warnings is inadequate or failed to warn about the risk of fire if the Toastation was misused or the instructions not followed. (Melissa Unger Depo. 80:22-81:3).

13. Page 5 of the Toastation User Manual provides that toaster pastries, such as Pop Tarts, should be heated in the oven mode of the Toastation. Specifically, the Manual states, "[d]o not heat [Pop Tarts] in toaster—use toaster oven portion of Toastation with Mode Selector set to oven position. NEVER heat cracked, broken, or warped pastries, and NEVER leave unattended." (Unger Depo. Exhibit J, page 0007).

14. Mrs. Unger made Pop Tarts in the Toastation the night of the fire. (Melissa Unger Depo. 63:25-64:16). She used the toaster mode of the Toastation to make the Pop Tarts, not the oven mode as instructed by the User Manual. (Melissa Unger Depo. 66:13-15; 71:2-5; 84:8-10).

15. In the Toastation User Manual Hamilton Beach adequately: (1) warned of actions not to take with the Toastation; (2) instructed how to properly and safely use the Toastation; and (3) warned of the risks and consequences of not following the warnings and instructions.

16. The warnings and instructions in the Toastation User Manual were clear and unequivocal.

17. The warnings and instructions in the User Manual undisputedly specified the risk involved with the Toastation, provided the reasons for the risks, were consistent with the

4

use of the product, and were placed to effectively reach the foreseeable user. The failure of the Ungers to heed to the warnings and follow the instructions that they agree were clearly and equivocally provided in the User Manual at the time they used the Toastation does not make the warnings or instructions inadequate.

18. The undisputed facts conclusively demonstrate there remains no triable question on the adequacy of the warnings and plaintiff's failure to warn claim. Accordingly, Hamilton Beach is entitled to summary judgment on plaintiff's failure to warn claim, Count II of the Complaint.

19. In filing this Motion, Hamilton Beach expressly does not admit that the subject Toastation was either the cause or origin of the fire in the Unger residence.

WHEREFORE, for the above-stated reasons, for the reasons stated in Hamilton Beach's accompanying Memorandum of Law, and the evidence appended to its Statement of Uncontroverted Material Facts, defendant Hamilton Beach/Proctor-Silex, Inc. respectfully requests that this Honorable Court grant its Motion for Partial Summary Judgment on Count II of Plaintiff's Complaint, to enter judgment in its favor on this count, and for any other relief which this Court deems just and appropriate.

*/s/William S. Thomas*
William S. Thomas #6227180
Attorney for Defendant
RABBITT, PITZER & SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 29th day of April, 2009.

    Mr. Matthew C. Zittel
    5 Park Place Professional Centre
    Belleville, Illinois 62226

    Stuart M. Brody
    Attorney for Plaintiff
    161 N. Clark, Suite 3575
    Chicago, IL 60601

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

                                          */s/William S. Thomas*

6

{00494691.DOC;1}