IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY (A SUBSIDIARY OF NATIONWIDE INSURANCE) AS SUBROGREE OF MICHAEL AND MELISSA UNGER,<br><br>Plaintiff,<br><br>vs.<br><br>HAMILTON BEACH/PROCTOR-SILEX, INC.,<br><br>Defendant. | Case No.: 3:08-cv-00125-DRH-DGW |

## *DEFENDANT HAMILTON BEACH/PROCTOR-SILEX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT*

COMES NOW defendant Hamilton Beach/Proctor-Silex, Inc. ("Hamilton Beach"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, and submits this Memorandum in Support of Its Motion for Partial Summary Judgment on Count II—Failure to Warn—of Plaintiff's Complaint.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating judgment should be granted as a matter of

law. *Lindeman v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *Id.*

A District Court sitting in diversity must apply the substantive law of the state where it sits. *Lederman v. Pacific Indust., Inc.*, 119 F.3d 551, 553 (7th Cir. 1997). Accordingly, Illinois substantive law should be applicable to the present case.

## II. ARGUMENT

Plaintiff alleges the inadequacies of the warnings provided by Hamilton Beach or the complete lack of any warnings regarding the Toastation made the Toastation unreasonably dangerous. However, the undisputed facts establish Hamilton Beach is entitled to judgment as a matter of law on plaintiff's failure to warn claim because: (1) plaintiff cannot establish any lack of warning or inadequacy of a warning caused the damage to the Unger residence because of the Ungers' failure to read the warnings; and (2) the warnings provided with the Toastation were clear, unequivocal, and adequate.

A. HAMILTON BEACH IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S COUNT II—FAILURE TO WARN—BECAUSE PLAINTIFF CANNOT ESTABLISH CAUSATION.

To recover in a products liability action, the plaintiff must plead and prove that: (1) the injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time the product left the manufacturer's control. *Kelso v. Bayer Corp.*, 398 F.3d 640, 642 (7th Cir. 2005) (applying Illinois law), *citing Sollami v.*

2

*Eaton*, 772 N.E.2d 215, 219 (Ill. 2002). A product may be unreasonably dangerous because of a design defect, a manufacturing defect, or a failure by the manufacturer to warn of a danger or instruct on the proper use of the product as to which the average consumer would not be aware. *Id.; see also Woodill v. Parke Davis & Co.*, 402 N.E.2d 194, 196 (Ill. 1980). Under Illinois law, a manufacturer of a product has a duty to warn prospective users of the known or foreseeable dangers associated with the reasonable use of its product. *Lederman v. Pacific Industries, Inc.*, 119 F.3d 551, 553 (7th Cir. 1997) (applying Illinois law); *Brand v. Holmes Air Taiwan, Inc.*, 500 F.Supp.2d 1043, 1046 (S.D. Ill. 2007).

In the present case, it is unclear whether plaintiff seeks to maintain its claim of failure to warn on a theory of negligence or strict liability. The two theories are not identical. Strict liability for failure to warn requires evidence of the industry's knowledge of the product's dangerous propensity, and it turns on the nature of the product and the adequacy of the warning, while negligence focuses on the particular defendant's knowledge and conduct. *Werckenthein v. Bucher Petrochemical Co.*, 618 N.E.2d 902, 908 (Ill. Ct. App. 1993). Illinois courts, however, often treat the two theories alike. *Lederman*, 119 F.3d at 554 ftn 3. In this case, whether the failure to warn claim is based on negligence or strict liability, plaintiff cannot meet its burden as a matter of law.

Plaintiff cannot establish the alleged inadequacy of the warnings regarding the Toastation, or a lack thereof, proximately caused any damage to the Ungers. Illinois courts consistently hold that a plaintiff cannot maintain a products liability action premised on a failure to warn theory where the plaintiff admits he or she never read the warnings. *Kane v. R.D. Werner Co., Inc.*, 657 N.E.2d 37, 39 (Ill. Ct. App. 1995); *see also Elam v. Lincoln Elec. Co.*, 841 N.E.2d 1037, 1043 (Ill. Ct. App. 2005) (affirming the holding in *Kane, supra*, but finding it

3

distinguishable from the facts presented). If the consumer never read the warnings in the first place, then the adequacy or inadequacy of those warnings had absolutely no impact on the outcome, nor could they have.

For example, in *Kane v. R.D. Werner Co., Inc.*, 657 N.E.2d 37 (Ill. Ct. App. 1995), the plaintiff was injured while using a ladder manufactured by the defendant. *Kane*, 657 N.E.2d at 38. The plaintiff brought a products liability suit against the defendant based upon a claim of failure to warn. *Id.* The plaintiff admitted during his deposition that he had never read the warning labels attached to the ladder prior to using the ladder. *Id.* The court affirmed summary judgment in favor of the defendant reasoning that no warning the defendant could have given would have made any difference on the outcome since the plaintiff never read the warnings. *Id.* The court held that because the plaintiff failed to read the warnings, he could not maintain a failure to warn claim based upon the alleged inadequacy of the warnings. *Id.* at 39; *see also Brand*, 500 F.Supp.2d at 1047 (holding the defendant was entitled to summary judgment where one of the plaintiffs admitted she did not read the warnings prior to using the product and where the court found, "if the warning had been read and heeded, [the] injuries would not have occurred").

In the present case, plaintiff based its failure to warn claim on the allegations that Hamilton Beach either failed to provide any warnings or failed to adequately warn the Ungers of the dangers presented by the Toastation, including the danger of fire. (Complaint ¶ 24). Clearly, plaintiff cannot maintain its claim based on the allegation that Hamilton Beach provided no warnings at all because there were numerous warnings and instructions contained throughout the User Manual, including warnings on how to decrease the risk of fire by properly using the Toastation. (Unger Depo. Exhibit J).

Plaintiff also cannot establish that any alleged inadequacy of the warnings proximately caused the damage to the Unger residence because as in *Kane, supra*, here, plaintiff cannot establish the Ungers read the Toastation User Manual and the warnings contained therein prior to using the product. Mr. Unger readily admits that he never read the User Manual. (Michael Unger Depo. 45:3-6; 52:10-18). And, plaintiff cannot establish Mrs. Unger read the User Manual prior to the fire because she cannot remember one way or the other. (Melissa Unger Depo. 53:3-7; 54:3-5; 77:17-78:2). Plaintiff cannot meet its burden to prove this crucial fact.

If the Ungers never read the User Manual, then plaintiff cannot establish as a matter of law that the alleged inadequacy of the warnings proximately caused the damage to the Unger residence because the Ungers were not even aware of the warnings at the time they used the Toastation and at the time of the fire. As the court found in *Kane, supra*, here, no warning, no matter how well worded or how extensive, could have prevented the outcome. Hamilton Beach could not have done anything differently regarding the warnings or instructions to have prevented the outcome. Because plaintiff cannot meet its burden, the undisputed facts establish that Hamilton Beach is entitled to summary judgment on plaintiff's failure to warn claim, and Count II should be dismissed.

### B. HAMILTON BEACH IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S COUNT II—FAILURE TO WARN—BECAUSE THE WARNINGS PROVIDED IN THE USER MANUAL WERE CLEAR, UNEQUIVOCAL, AND ADEQUATE.

Even if Hamilton Beach is not entitled to summary judgment on plaintiff's failure to warn claim solely because plaintiff cannot establish causation, which Hamilton Beach disputes, Hamilton Beach is entitled to summary judgment on this claim because plaintiff cannot establish

5

{00493251.DOC;1}

the warnings in the Toastation User Manual were inadequate so as to establish a breach of Hamilton Beach's duty to warn. The warnings in the User Manual were sufficient, clear, and effective.

The purpose of warnings is to reduce the risk of harm. This may be accomplished either by shifting or by reducing the risk of injury. *Werckenthein v. Bucher Petrochemical Co.*, 618 N.E.2d 902, 908 (Ill. Ct. App. 1993). A manufacturer is not required to produce a product incapable of causing injury, but the manufacturer may be required to warn consumers of potential hazards. *Byrne v. SCM Corp.*, 538 N.E.2d 796, 811 (Ill. Ct. App. 1989). Thus, if warnings are adequate, users proceed at their own risk. *Werkenthein*, 618 N.E.2d at 908. Examples of inadequate warnings include those that do not specify the risk, are inconsistent with use of the product, provide no reason for the warning, or do not reach the user. *Id.*; *see also Byrne*, 538 N.E.2d at 811. Under Illinois law, a manufacturer need not warn of all possible consequences of failing to follow a primary warning. *Kelso v. Bayer Corp.*, 398 F.3d 640 (7th Cir. 1005) (applying Illinois law). Illinois does not further require manufacturers to warn consumers about facts they already know, and it does not require manufacturers to dilute the principal warnings with distracting information. *Todd v. Societe BIC, S.A.*, 9 F.3d 1216, 1219 (7th Cir. 1993) (applying Illinois law).

An ambiguity will not be read into the warning if the language is clear and unequivocal. *Id.* Where a warning is given, the manufacturer may reasonably assume that it will be read and heeded by the consumer. RESTATEMENT (SECOND) OF TORTS § 402A, adopted by the Illinois courts in *Suvada v. White Motor Co.*, 210 N.E.2d 182 (Ill. 1965); *see also Brand v. Holmes Air Taiwan, Inc.*, 500 F.Supp.2d 1043, 1047 (S.D. Ill. 2007); *Werckenthein*, 618 N.E.2d at 909. The consumer's failure to follow the warnings and/or instructions will not make the warnings and/or

{00493251.DOC;1}

instructions inadequate or insufficient. *Kelso*, 398 F.3d at 642; *Brand*, 500 F.Supp.2d at 1047; *Todd* 9 F.3d at 1218.

For example, in *Brand v. Holmes Air Taiwan, Inc.*, 500 F.Supp.2d 1043 (S.D. Ill. 2007), a little girl was severely burnt after tipping over onto herself a humidifier with hot water inside. *Brand*, 500 F.Supp.2d at 1045. The manufacturer of the humidifier provided several warnings that warned the consumer: (1) that the product held hot water while operating; (2) not to touch the humidifier, the water inside the humidifier, or the heating unit while the humidifier was operating; and (3) to keep the humidifier away from children or where children could reach it. *Id.* at 1046. The manufacturer also warned that serious injury could result if the warnings were not heeded and the instructions not followed. *Id.* The mother of the injured child did not follow the instructions and left the humidifier in a place that was reachable by her daughter. *Id.* at 1045. The court granted summary judgment to the manufacturer on the parents' failure to warn claim. *Id.* at 1047. The court found that the warnings were adequate and that the fault fell in the parents' failure to read and heed to the warnings and instructions. *Id.* The court determined that the little girl would not have been injured had her parents read and followed the warnings and instructions. *Id.* Thus, there was no inadequacy of the warnings. *Id.*

In the present case, the Toastation User Manual provides numerous warnings and instructions on the use of the Toastation. The User Manual warned the consumer to, among other things: (1) not operate the Toastation while unattended; (2) keep the Toastation at a safe distance from other objects; (3) unplug the Toastation when not in use; (4) regularly clean the Toastation; (5) and not use the Toastation if it had been damaged or had malfunctioned. (Unger Depo. Exhibit J). The User Manual also instructed the consumer to heat Pop Tarts in the oven rather than the toaster. (Unger Depo. Exhibit J, page 0005). Finally, the User Manual warned

that the failure to follow the warnings and instructions could result in death or fire. (Unger Depo. Exhibit J). Just as the manufacturer did in *Brand, supra*, here, Hamilton Beach adequately (1) warned of actions not to take with the Toastation; (2) instructed of how to properly and safely use the Toastation; and (3) warned of the risks and consequences if the warnings and instructions were not followed. It was Mrs. Unger's choice not to follow all of the warnings and instructions.

The warnings and instructions in the Toastation User Manual were clear and unequivocal. The warnings were in bold, were on the first few pages of the User Manual, and were accompanied by a depiction of a fire and an exclamation point to bring a consumer's attention to the warning. Moreover, Mrs. Unger herself believes that the language in the warnings is clear and that nothing in the warnings was inadequate. (Melissa Unger Depo. 78:10-81:3). Mrs. Unger believes that the warnings in the User Manual warned her about the risks of fire if the Toastation was misused or the instructions were not followed. (Melissa Unger Depo. 80:22-81:3). Both Mr. and Mrs. Unger were aware at the time of the fire that if not used properly, electrical appliances, such as a toaster oven, could pose a hazard, including a fire hazard. (Michael Unger Depo. 52:25-53:13) (Melissa Unger Depo. 77:1-8). Based upon these undisputed facts, plaintiff cannot establish these warnings were not clear, effective, and adequate.

It is undisputable that these warnings adequately warned the average consumer of the dangers posed by the Toastation, including the risk of fire. The warnings and instructions in the User Manual specified the risk involved with the Toastation, provided the reasons for the risks, were consistent with the use of the product, and were placed to effectively reach the foreseeable user. The failure of the Ungers to heed to the warnings and follow the instructions that they agree were clearly and unequivocally provided in the User Manual at the time they used the

8

Toastation does not make the warnings or instructions inadequate. They proceeded at their own risk when they failed to heed the warnings Hamilton Beach provided.

The Toastation was not unreasonably dangerous due to inadequate warnings. The undisputed facts conclusively demonstrate there remains no triable question on the adequacy of the warnings and plaintiff's failure to warn claim. Accordingly, Hamilton Beach is entitled to summary judgment on plaintiff's failure to warn claim, Count II.

## IV. CONCLUSION

For the above reasons, defendant Hamilton Beach/Proctor-Silex, Inc. is entitled to judgment as a matter of law on plaintiff's Count II—Failure to Warn. Defendant Hamilton Beach/Proctor-Silex, Inc. respectfully requests that this Court grant its Motion for Partial Summary Judgment on Count II—Failure to Warn—of plaintiff's Complaint, to enter judgment in its favor on this court, and for any other relief which this Court deems just and appropriate.

*/s/William S. Thomas*
William S. Thomas  #6227180
Attorney for Defendant
RABBITT, PITZER & SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

## AFFIDAVIT OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 29th day of April, 2009.

    Mr. Matthew C. Zittel
    5 Park Place Professional Centre
    Belleville, Illinois 62226

    Stuart M. Brody
    Attorney for Plaintiff
    161 N. Clark, Suite 3575
    Chicago, IL 60601

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

                                        */s/William S. Thomas*