## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY ) <br> a subsidiary of NATIONWIDE ) <br> INSURANCE as subrogee of ) <br> MICHAEL and MELISSA UNGER, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> HAMILTON BEACH/PROCTOR-SILEX, ) <br> INC., ) <br>  ) <br>  ) <br> Defendant. ) | Case No. 3:08-cv-00125-WDS-DGW <br><br> Honorable Chief Judge Herndon <br><br> Donald G. Wilkerson, Magistrate Judge |

## MOTION FOR ADDITIONAL DISCOVERY AND CORRESPONDING EXTENSION ON THE BRIEFING SCHEDULE

NOW COMES the Plaintiff, DEPOSITORS INSURANCE COMPANY a/s/o MICHAEL and MELISSA UNGER, by and through its attorneys, SNECKENBERG, THOMPSON & BRODY, LLP, and hereby moves this Honorable Court for additional time to conduct the remaining discovery and depositions on this case and to provide for the corresponding extension on the briefing schedule for the Defendant's Motion for Partial Summary Judgment recently filed on this matter. In support of this Motion, the Plaintiff states as follows:

## PREFATORY STATEMENT

This is an intricate property subrogation claim arising from a fire at the Unger residence. The Plaintiff's experts have opined that the fire originated from and within the Defendant's toaster oven. The Plaintiff's experts have also opined that the Defendant's toaster oven is believed to have been the cause of this fire.

Depositors Insurance Company v. Hamilton Beach/Proctor-Silex, Inc.    Doc. 47

Dockets.Justia.com

The Plaintiff was recently forced to file a Motion to Compel in order to obtain the additional schematic diagrams and documents concerning the exemplars, and the motion was granted by this Court on April 2, 2009. On May 1, 2009, the Defendant finally complied with this Court's order and produced certain documents and photos and schematic diagrams for the exemplars [produced on the final due date of May 1, 2009].

Also, on May 1, 2009, simultaneous to the production of the additional schematic diagrams and documents, the Defendant filed a Motion for Partial Summary Judgment on Count II (Failure to Warn) of Plaintiff's Complaint.

During the telephonic discovery dispute conference with Magistrate Judge Wilkerson (on April 2, 2009), the settlement conference set for April 21, 2009 was rescheduled for June 3, 2009. The parties agreed at that time that the Plaintiff's expert would attempt to supplement his previous reports after reviewing the production of the additional schematic diagrams and documents from the Defendant. It was also agreed that we would attempt to present the Plaintiff's Electrical Engineer expert for his deposition prior to the June 3, 2009 Settlement Conference, even though much of the lay discovery was still ongoing. This agreement was made in order to facilitate the Settlement Conference.

In that same vain, the parties further agreed that the depositions of the Defendant's representatives, witnesses and experts would be postponed until after the Settlement Conference in order to avoid additional discovery and expenses, until such time that we knew our settlement efforts were unsuccessful. Pursuant to this agreement, none of the depositions of the Defendant's representatives, witnesses or experts have been scheduled nor are they anticipated until after the Settlement Conference.

## AN EXTENSION IS WARRANTED FOR THE ADDITIONAL DISCOVERY AND ON THE BRIEFING SCHEDULE

Federal Rule of Civil Procedure 6(b)(2)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice of the court acts, <u>or if a request is made, before the original time or its extension expires;</u>" (emphasis added). Good cause for granting Plaintiff leave to conduct additional discovery and granting a corresponding extension for the briefing schedule on the Defendant's motion exists because it is appropriate that the Plaintiff have an opportunity to complete the oral discovery and the depositions of the parties and witnesses before being required to file its Response to the Motion for Partial Summary Judgment. Plaintiff anticipates that material facts which have bearing on Defendant's Motion will come to light and/or be further confirmed during the depositions of the remaining parties and witnesses.

Therefore, the Plaintiff hereby requests that the due date of June 1, 2009 for the Plaintiff's Response be extended in order to allow the Plaintiff to complete the discovery on this matter and to conduct the necessary depositions of the parties and witnesses before being required to file its Response to the Defendant's Motion for Partial Summary Judgment.

The Plaintiff believes that sixty (60) days (after the Settlement Conference) will be sufficient to complete the remaining discovery depositions of the Defendant party representatives and the remaining witnesses, and to provide the Plaintiff thirty (30) days thereafter to file its Response to the subject motion.

WHEREFORE, the Plaintiff, DEPOSITORS INSURANCE COMPANY a/s/o MICHAEL and MELISSA UNGER, hereby requests that the Plaintiff be granted additional time to complete the discovery as requested herein and to provide a corresponding extension on the briefing schedule concerning the Defendant's Motion for Partial Summary Judgment.

/s/ STUART M. BRODY

Stuart M. Brody, Esq.
SNECKENBERG, THOMPSON & BRODY, LLP
161 North Clark Street, Suite 3575
Chicago, IL 60601
Phone No. (312) 782-9320
E-Mail: smb@stbtrial.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system, or U.S. mail for parties not registered with CM/ECF, on this 7th day of May, 2009.

William S. Thomas
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821

Matthew C. Zittel
5 Park Place Professional Centre
Belleville, Illinois 62226

Under penalties of perjury as provided by law, I certify that the statements in this certificate are true.

/s/ STUART M. BRODY