IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03:08-cv-125 DRH |
| ) | |
| HAMILTON BEACH/PROCTOR-SILEX, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Currently pending before the Court is an Agreed Motion for Entry of Protective Order filed by Defendant Hamilton Beach/Proctor-Silex (Doc. 30). For the reasons set forth below, the motion is **DENIED without prejudice**.

**LEGAL STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. This Court, however, has a duty to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."). The Court must make a finding that "good cause" exists for sealing some part of the record; the Court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials without making the necessary finding of good cause. *Id.* The Court also cannot give the parties "virtual carte blanche" to seal whatever portions of the record the parties so designate. *Id.* at 944. The Seventh

Circuit has provided guidance regarding what an acceptable protective order contains.

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

*Id*. at 946.

## ANALYSIS

The proposed protective order is deficient under the Seventh Circuit standards. First, the proposed order states that the Defendant seeks to protect trade secrets and "confidential information pursuant to state and federal law." That designation is too broad. Without any indication of which state or federal law the order contemplates or any specific mention of the types of information that are to be so designated, no party or interested member of the public could determine what information is deemed confidential. Nowhere does the proposed order demarcate categories of confidential information sufficiently to assure the Court that the parties and the public could easily determine what falls under the Court's order and what does not.

Second, and more importantly, in paragraph 4 the proposed order states that "Defendant may designate all of any portion of documents, things, and information it produces formally or informally to other parties to this litigation as confidential material." Later, in paragraph 10, the proposed order states that any material deemed confidential shall be filed with the Court under seal. The Court is required to make the determination of good cause to seal documents in the record. To allow Defendant to designate any documents as confidential, particularly when "confidential materials" is defined too broadly, grants Defendant "virtual carte blanche" to designate as confidential, and thereby seal, whatever information it chooses. This bypasses the Court's obligation to find good

2

cause for sealing documents in the record and runs afoul of the Seventh Circuit's requirements as specified in *Citizens*.

The parties are reminded that nothing prevents them from making an agreement among themselves as to what portions of discovery are subject to nondisclosure, and in fact are encouraged to do so. But the Court will not put its imprimatur on a protective order that does not comport with the dictates of Seventh Circuit jurisprudence.

## CONCLUSION

For the foregoing reasons, the Agreed Motion for Entry of Protective Order (Doc. 30) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: June 5, 2009**

<u>s / Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**